UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BISAGNO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>　　　　　Defendant. | Case No. 24-cv-04414-HSG<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 8 |

Pending before the Court is Plaintiff Charles Bisagno's motion to remand. Dkt. No. 8. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

## I.　BACKGROUND

Plaintiff initially brought this case in Sonoma County Superior Court against Defendant Home Depot U.S.A, Inc. and various unidentified "Doe" defendants, including a "Doe" store manager. *See* Dkt. No. 1-1 ("Compl."). Plaintiff alleges that in February 2022 he sustained serious injuries when he was hit by unsecured plywood falling off a shelf or display while he was shopping at a Home Depot store in Santa Rosa, California. *See id.* at 9. Plaintiff claims that the store manager was responsible for the maintenance of the store, including ensuring there was a maintenance policy in place and that employees were properly trained. *See id.* Based on this incident, Plaintiff brings claims for negligence and premises liability. *Id.* at 9–10.

Defendant removed this action in July 2024 on the basis of diversity jurisdiction: Defendant is incorporated in Delaware and its principal place of business is in Atlanta, Georgia, and Plaintiff is a resident of California. *See* Dkt. No. 1 at ¶¶ 5–6. Plaintiff now moves to remand

1 the case back to state court. Dkt. No. 8.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff [is] of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

## III. DISCUSSION

Plaintiff argues that there is not complete diversity of citizenship among the parties and the Court must therefore remand the case. *See* Dkt. No. 8 at 2–6. Specifically, Plaintiff points out that in addition to Home Depot, he also sued the "Doe" store manager who, based on "information and belief," is "an adult resident of Sonoma County, California." *See id.*; *see also* Compl. at 9. Plaintiff acknowledges that he does not know who the store manager is because "discovery has only just begun on this case . . . ." Dkt. No. 8 at 6. However, he appears to suggest that it is plausible to infer that he or she is a California resident since he or she managed a Home Depot store located in Santa Rosa, California.

The Court is not persuaded. The removal statute explicitly states that in determining whether a case is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Ninth Circuit has further explained that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant *only if and when the plaintiff seeks leave to substitute a named defendant*." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (emphasis added).

Plaintiff has not sought such leave, and in fact, suggests that he cannot do so because he still does not know the identity of the store manager.  Diversity jurisdiction therefore exists, and the Court **DENIES** the motion to remand.  *Accord Noris-Barrera v. Costco Wholesale Corp.*, No. 23-CV-05245-SI, 2023 WL 9181481, at *2 (N.D. Cal. Dec. 7, 2023); *Sanders v. Costco Wholesale Corp.*, No. 4:22-CV-02717-YGR, 2022 WL 6271879, at *2 (N.D. Cal. July 28, 2022); *Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1014–23 (S.D. Cal. 2021).[1]

## IV.     CONCLUSION

The Court **DENIES** the motion to remand.  Dkt. No. 8.  The Court further **SETS** case a case management conference on November 19, 2024, at 2:00 p.m.  The hearing will be held by Public Zoom Webinar.  All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg.  All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to check in with the courtroom deputy and test internet, video, and audio capabilities.  The parties are further **DIRECTED** to file a joint case management statement by November 12, 2024.

**IT IS SO ORDERED.**

Dated:     10/29/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court recognizes that some district courts have considered the citizenship of non-diverse Doe defendants when the plaintiff has alleged sufficient factual detail about their identities.  *See, e.g.*, *Valdez v. Home Depot U.S.A., Inc.*, No. 22-CV-01491-DMR, 2022 WL 4137691, at *3, & n.2 (N.D. Cal. Aug. 25, 2022) (citing *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1035 (E.D. Cal. 2015) as the "foundational decision in this line of caselaw").  However, the Court respectfully disagrees, because in its view this approach is inconsistent with the plain language of § 1441(b)(1) and binding Ninth Circuit authority.